590 A.2d 816

**Al SMITH, Appellant,**

v.

**Newton D. BROWN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 22, 1991.

Decided April 24, 1991.

Gibson Smith, York, for appellant.

Daniel M. Fennick, Anderson, Converse & Fennick, P.C., York, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BARRY, Senior Judge.

CRAIG, President Judge.

Al Smith, appellant, appeals from an order of Judge Richard H. Horn of the Court of Common Pleas of York County, denying his petition to set aside the nomination petition of Newton D. Brown, appellee. We affirm.

■ The issue in this case is whether a candidate for the office of county commissioner, who timely filed a nomination petition with an *unsigned* statement of financial inter-

est, is barred from appearing on the ballot for election, under § 4 of the State Ethics Act (Act), 65 P.S. § 404(b)(3).[1]

The undisputed facts in this case are as follows. On March 12, 1991, Newton D. Brown filed a nomination petition for the office of county commissioner in the Democratic Party for the primary election to be held on May 21, 1991 in York County, Pennsylvania. He also filed a statement of financial interest, but it was not signed by him when he filed it. The filing deadline was that day, March 12, 1991. On March 18, 1991, Brown signed the statement of financial interest submitted with this earlier-filed nomination petition. On March 19, 1991, Al Smith, another Democratic candidate for county commissioner, filed objections to the nomination petition of Brown, alleging Brown's failure to complete and sign and date the statement of financial interest. On March 26, 1991, Judge Horn denied Smith's petition to set aside Brown's nomination petition. On April 5, 1991, Smith appealed the trial court's order to this court.

The applicable statute, at § 4(b)(2) and (3), 65 P.S. § 404(b)(2) and (3), states:

(2) Any candidate for county-level or local office shall file a statement of financial interests for the preceding calendar year with the governing authority of the political subdivision in which he is a candidate on or before the last day for filing a petition to appear on the ballot for election. A copy of the statement of financial interests shall also be appended to such petition.

(3) No petition to appear on the ballot for election shall be accepted by the respective State or local election officials unless the petition has appended thereto a statement of financial interests as set forth in paragraphs (1) and (2). *Failure to file the statement in accordance with the provisions of this act shall, in addition to any other penalties provided, be a fatal defect to a petition to appear on the ballot.* (Emphasis added.)

---

1. Act of October 4, 1978, P.L. 883, No. 170, *as reenacted and amended,* June 26, 1989, P.L. 26, No. 9.

The other pertinent subsection, § 5(a), 65 P.S. § 405(a), states:

(a) The statement of financial interests filed pursuant to this act shall be on a form prescribed by the commission. All information requested on the statement shall be provided to the best of the knowledge, information and belief of the person required to file and shall be signed under oath or equivalent affirmation.

The trial court, in its opinion, relied upon *Commonwealth of Pennsylvania State Ethics Commission v. Baldwin*, 498 Pa. 255, 445 A.2d 1208 (1982), in denying Smith's petition to set aside Brown's nomination petition. In *Baldwin*, the State Ethics Commission challenged thirteen prospective candidates for state offices for failure to file financial interest statements with their nomination petitions. The Supreme Court held that, because the candidates filed their financial statements, albeit late, their omissions did not constitute a fatal defect. The trial court here, relying on *Baldwin*, stated:

We conclude with respect to Brown that the failure to sign the statement under penalties of perjury was an oversight that was corrected subsequent to the filing when the candidate signed the Statement of Financial Interest under Oath. We conclude that his prior failure to sign the statement was an oversight rather than a deliberate attempt to deceive the elections board or the public.

Smith, however, correctly contends that the legislature added §§ 4(b)(2) and (3) and § 5(a) to the Act after the *Baldwin* decision. Thus, Smith argues, because the legislature added the language of § 4(b)(3), which states, "[f]ailure to file the statement in accordance with the provisions of this Act shall ... be a fatal defect to a petition to appear on the ballot," the plain meaning of the Act provides that Brown's petition must be set aside.

However, the trial court here did not base its holding entirely on the *Baldwin* case. The trial court also cited

§ 977 of the Election Code,[2] 25 P.S. § 2937.

Section 977 states, in relevant part:

Objections to nomination petitions and papers

... For purposes of this section, a nomination petition or paper shall include all affidavits required to be filed with such nomination petition or paper under this act. If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify.

Although the financial interest statement itself is not part of the nominating petition, it is an "accompanying or appended" document and hence governed at least by the principle of this section 977.

Because the absence of a signature on Brown's financial disclosure statement was an error apparent on the face of the document, and Brown amended his petition, the trial court properly denied Smith's petition to set aside Brown's nomination petition.

Furthermore, the purpose of the Act, that the candidates afford voters an opportunity to inspect their financial portfolio, is satisfied in this case because Brown timely filed his statement of financial interest with the county.

The Election Code is to be liberally construed so as not to deprive a candidate of the right to run for office or the voters of their right to elect the candidate of their choice. *See In re Johnson,* 509 Pa. 347, 502 A.2d 142 (1985).

Accordingly, the decision of Judge Horn, refusing to set aside the nomination petition of Newton D. Brown, is affirmed.

**2.** Act of June 3, 1937, P.L. 1333, art. 9, § 977, *as amended,* 25 P.S. § 2937 (Supp.1985).

NOW, April 22, 1991, the order of the Court of Common Pleas of York County, NO. 91 M–54, dated March 26, 1991, is affirmed.   Opinion shall follow.

PELLEGRINI, Judge, dissenting.

I dissent.   The majority finds that an unsigned Statement of Financial Interest can be cured after the time for filing those Statements has expired.   I believe such a finding is directly contrary to Section 5(a) of the Ethics Act,[1] 65 P.S. § 405(a).

Section 5(a) of the Ethics Act provides that:

The statement of financial interests filed pursuant to this act shall be on a form prescribed by the commission.   All information requested on the statement shall be provided to the best of the knowledge, information and belief of the person required to file and *shall be signed under oath or equivalent affirmation.*   (Emphasis added.)

I believe that an unsigned form is the equivalent of filing "no form" in that the Ethics Act requires that the Statement of Financial interest form must be signed prior to filing.

Accordingly, because failure to file is a fatal defect pursuant to Section 405(a) of the Ethics Act, I would set aside the Nominating Petition of Al Smith.

---

1.  Act of October 4, 1978, P.L. 883, No. 120, *as re-enacted and amended,* June 26, 1989, P.L. 26, 65 P.S. §§ 401–413.