**In re NOMINATION PETITION OF Vernon T. ANASTASIO as a Candidate for Nomination of the Office of City Council in the First Councilmatic District of the City of Philadelphia.**

**Objection of Sarah DeRose.**

**Appeal of Vernon T. Anastasio.**

Commonwealth Court of Pennsylvania.

Argued April 8, 2003.

Decided April 8, 2003.

George Bochetto, Philadelphia, for appellant.

Ralph J. Teti, Philadelphia, for appellee.

Before: COLINS, President Judge, FRIEDMAN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge FRIEDMAN.

Vernon T. Anastasio (Anastasio) appeals from the March 25, 2003, order of the Court of Common Pleas of Philadelphia County (trial court), which set aside Anastasio's Nomination Petition as candidate of the Democratic Party for the Office of City Council in the First Councilmatic District in the City of Philadelphia. We affirm.

Anastasio filed a Nomination Petition to have his name placed on the May 20, 2003, primary ballot. Simultaneously, Anastasio filed a financial disclosure statement under section 1104(b) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. § 1104(b).

Section 1104(b)(2) of the Ethics Act states that any candidate for local office shall file a statement of financial interests for the preceding calendar year on or before the last day for filing a petition to appear on the ballot for election. 65 Pa. C.S. § 1104(b)(2). Section 1104(b)(3) of the Ethics Act states that failure to file the statement shall be a fatal defect to a petition to appear on the ballot. 65 Pa.C.S. § 1104(b)(3).

Subsequently, Sarah De Rose (Objector) filed an objection, alleging that Anastasio failed to disclose all sources of income for the preceding calendar year. In Block 10

of the financial statement, which requested "Direct and Indirect Sources of Income," Anastasio wrote "None." At a hearing before the trial court, Anastasio admitted that his response was incorrect. Anastasio maintained that he believed incorrectly that Block 10 requested supplemental income, rather than regular employment income. Following the hearing, the trial court granted the objection and issued an order setting aside Anastasio's Nomination Petition based on 65 Pa.C.S. § 1104(b)(3). Anastasio now appeals to this court.[1]

Anastasio argues that the trial court erred by requiring him to file an "accurate" financial statement under 65 Pa.C.S. § 1104(b)(3). Anastasio contends that: (1) under 65 Pa.C.S. § 1104(b)(3), it was only necessary for him to file the financial statement; (2) under 65 Pa.C.S. § 1105(a), it was only necessary for him to provide information to the best of his knowledge, information and belief; and (3) his error was unintentional and harmless. We reject these arguments.

Under 65 Pa.C.S. § 1104(b)(3), it was necessary for Anastasio to file the financial statement "in accordance with the provisions of this chapter." It is true that, under 65 Pa.C.S. § 1105(a), the statement of financial interests shall contain information provided to the best of the knowledge, information and belief of the person required to file the statement. However, 65 Pa.C.S. § 1105(b)(5), relating to Block 10,

indicates that the statement shall contain *any* direct or indirect source of income of $1,300 or more. Anastasio admits that he knew he had such income, but he did not report it on the form. Thus, Anastasio did *not* file his financial statement in accordance with the provisions of the chapter. As the trial court stated, section 1104(b)(3) has real teeth and is quite harsh in its scheme.[2]

Moreover, in making his argument, Anastasio ignores the fact that the Act pertains to ethics and is to be liberally construed to promote *complete* financial disclosure. 65 Pa.C.S. § 1101.1. Anastasio relies on the liberal construction of the *Election Code* to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice. However, it is the *Ethics Act* in Title 65 that is dispositive here. Thus, we decline to interpret the Act to allow errors of omission.

Accordingly, we affirm.[3]

### ORDER

AND NOW, this 8th day of April, 2003, the order of the Court of Common Pleas of Philadelphia County, dated March 25, 2003, is hereby affirmed.

---

1. As a preliminary matter, Anastasio argues that De Rose failed to establish that she had standing to object. Anastasio asserts that, to have standing, De Rose had to be a registered Democrat in the district. The trial court examined the computer registration records and stated on the record that De Rose was registered at the address she alleged. (N.T. at 21–22.) Anastasio maintains that this is not proof. However, a court may take judicial notice of a fact that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Pa. R.E. 201(b)(2). The court's computer system, showing registered voters and their addresses, constitutes such a source.

2. *See In re Nomination Petition of McMonagle,* 793 A.2d 174 (Pa.Cmwlth.2002) (stating that the fatality rule serves the purpose of promoting public confidence by assuring that the rules applicable to all would not be waived in favor of a few).

3. Anastasio raised other issues based on the Election Code; however, the provisions of the Ethics Act, not the Election Code, are dispositive here.