## In re: Nomination Petition of Karen WISSINGER.

### Appeal of: Richard A. Zboran and Cheryl A. Zboran.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 2011.

Decided April 13, 2011.

Publication Ordered April 15, 2011.

Charles A. Pascal, Jr., Leechburg, for appellants.

J. Deron Gabriel, Pittsburgh, for appellee.

BEFORE: BROBSON, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

Richard A. Zboran and Cheryl A. Zboran (together, Objectors) appeal from the March 22, 2011, order of the Court of Common Pleas of Armstrong County (trial court) overruling Objectors' objections to the nomination petitions of Karen Wissinger (Candidate) and permitting Candidate leave to amend her statement of financial interests.

On March 7, 2011, Candidate filed her nomination petitions with the Board of Elections of Armstrong County for the Republican and Democratic nominations for both a two-year and a four-year term as school director in Region I of the Armstrong School District. As required by section 1104(b)(2) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. § 1104(b)(2), Candidate attached to these petitions a statement of financial interests.[1] Section 1105(a) of the Ethics Act

---

1. Section 1104(b)(2) requires any candidate for county-level or local office to file a statement of financial interests for the preceding

provides that the financial statement shall be on a form prescribed by the State Ethics Commission, that all information requested on the statement shall be provided to the best of the knowledge, information, and belief of the person required to file, and that the statement shall be signed under oath or equivalent affirmation. 65 Pa.C.S. § 1105(a). However, Candidate failed to enter any information in block five of the financial statement relating to the governmental entity for which she sought to be a candidate, and she failed to sign the bottom of the form affirming that the information contained therein was true and correct to the best of her knowledge, information, and belief.

On March 15, 2011, Objectors filed an objection to Candidate's nomination petitions citing the defects in the financial statement.[2] Objectors alleged that the failure to sign the affirmation rendered the form a nullity, and, hence, required a finding that Candidate failed to comply with section 1104(b)(2) of the Ethics Act. Further, Objectors alleged that such failure constituted a fatal defect under section 1104(b)(3) of the Ethics Act, which provides that the failure to file the financial statement in accordance with the provisions of the Ethics Act shall be a fatal defect to a petition to appear on the ballot. 65 Pa.C.S. § 1104(b)(3). Accordingly, Objectors argued that Candidate's nomination petitions should be stricken and set aside. Following a hearing on March 18, 2011, the trial court issued a memorandum and order overruling Objectors' objection and granting Candidate leave to amend her financial statement.

Relying on our Supreme Court's holding in *In re Nomination Petition of Paulmier*, 594 Pa. 433, 937 A.2d 364 (2007), the trial court rejected Objectors' argument that Candidate's failure to sign the financial statement renders the statement a nullity. The issue in *Paulmier* concerned whether a candidate who filed a financial statement describing his employment as a "housing specialist" and his source of income as rental income should be permitted to amend the statement to include the names and addresses of tenants at his rental properties (block ten of the financial statement requires the filing party to specifically identify the names and addresses of all sources of direct or indirect income). The Court held that the fatality rule in section 1104(b)(3) of the Ethics Act was intended as a bar only to those candidates who fail to file financial statements or who file statements in an untimely manner. As the trial court noted, the Court in *Paulmier* further held that section 1104(b)(3) was not intended to bar a candidate who files in a timely manner, even if there are defects on the face of the financial statement, so long as the candidate amends the form to correct the defects. The Court in *Paulmier* indicated that all defects related to the content of disclosures on a timely filed financial statement are subject to timely amendment, and explained that its holding best serves the legislative intent of both the Ethics Act and the Pennsylvania Election Code (Elections Code)[3] by giving the public the benefit of full financial disclosure and the broadest choice of representatives.

---

calendar year with the governing authority of the political subdivision in which she is a candidate.

**2.** Objectors reside within Region I of the Armstrong School District. Objector Richard A. Zboran is registered Republican elector, while

Objector Cheryl A. Zboran is a registered Democratic elector.

**3.** Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591.

In the present case, the trial court described Candidate's failure to sign the statement as a defect on the face of the form and/or a defect related to the content of disclosures which was subject to amendment. The trial court also noted the lack of any evidence that Candidate filed her statement in bad faith.[4] On March 24, 2011, Objectors filed a notice of appeal with the trial court. Candidate subsequently amended her statement of financial interests to correct the aforementioned defects.

On appeal to this Court,[5] Objectors argue that the trial court erred as a matter of law in failing to conclude that the lack of a signature affirming Candidate's financial statement constituted a fatal defect requiring that her nomination petitions be stricken and set aside. We disagree.

We conclude that the present case is controlled by our Supreme Court's holding in *Paulmier*. In that case, the Court first addressed previous decisions analyzing the "fatal defect" rule under section 1104(b)(3) of the Ethics Act. The Court cited *In re Cioppa*, 533 Pa. 564, 626 A.2d 146 (1993), in which a plurality of the Court held that the failure of several candidates to timely file financial interest statements in the proper manner with the local governing authority was a fatal defect calling for the striking of candidates from the ballot. The Court also cited *In re Anastasio*, 820 A.2d 880 (Pa.Cmwlth.), *affirmed*, 573 Pa. 512, 827 A.2d 373 (2003). The candidate in

*Anastasio* wrote "none" in block ten of his financial statement (relating to sources of direct or indirect income), but later admitted at a hearing before the common pleas court that this was incorrect. This Court affirmed a common pleas court's decision applying the "fatal defect" rule to material defects in the contents of a financial statement and granting a petition to set aside the candidate's nomination petition. Our Supreme Court issued a *per curiam* order without opinion affirming our decision.

However, the Court in *Paulmier* noted that it severely restricted the application of the "fatal defect" rule in *In re Benninghoff*, 578 Pa. 402, 852 A.2d 1182 (2004). In *Benninghoff*, the candidate, an incumbent state representative, filed a timely financial statement listing the Commonwealth in blocks four, five, and six of his statement,[6] but inadvertently neglecting to list the Commonwealth as a source of income in block ten. This Court granted a petition to set aside the candidate's nomination petition finding that the omission constituted a fatal defect. Our Supreme Court reversed, concluding that the defect was amendable and noting that the candidate substantially complied with the requirements of the Ethics Act. The Court stressed that the source of the candidate's income could be facially obtained from blocks four, five, and six of his financial statement. In reaching this conclusion, the Court noted its affirmance in *Anastasio*, but found that case to be factually

---

4. In *Paulmier*, the Court added that section 1105(a) of the Ethics Act essentially imposes a good faith filing obligation on the part of a candidate, even though he may have an opportunity to amend.

5. Our scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether the trial court abused its discretion or whether the trial court committed an error of law. *In re Nomination Petition of Hanssens*,

821 A.2d 1247 (Pa.Cmwlth.), *appeal denied*, 573 Pa. 692, 825 A.2d 640 (2003).

6. Block four requires a candidate to list the public position or public office that he currently seeks or holds, or that he held in the past. Block five requires a candidate to name the governmental entity in which he is/was an official, employee, candidate or nominee. Block six requires a candidate to state his occupation or profession.

distinguishable because the candidate therein listed "none" in block ten, despite the fact that he did have income.

Moreover, the *Benninghoff* Court found that case to be analogous to this Court's previous decision in *Smith v. Brown,* 139 Pa.Cmwlth. 304, 590 A.2d 816 (1991). In *Smith,* the candidate timely filed a nomination petition with an unsigned financial statement. An objector filed a petition to set aside the candidate's nomination petition alleging that the failure to sign the financial statement constituted a fatal defect under the section 1104(b)(3) of the Ethics Act. The common pleas court denied the objector's set aside petition and this Court affirmed, concluding that the absence of a signature was an error apparent on the face of the document and was amendable. In reaching this conclusion, we noted that the Election Code was to be liberally construed so as not to deprive the candidate of the right to run for office or the voters of their right to elect the candidate of their choice. The Court in *Paulmier* specifically noted its approval of the *Smith* rationale in *Benninghoff* and overruled its *per curiam* order in *Anastasio.*

The present case is factually indistinguishable from *Smith,* as Candidate herein failed to sign her financial statement. Candidate also failed to identify the governmental entity in block five for which she sought to be a candidate. However, based upon our decision in *Smith,* noted with approval in *Benninghoff* and *Paulmier,* these defects are apparent on the face of the financial statement and are amendable. We reject Objectors' argument that the failure to sign renders the financial statement legally ineffective and equates to a lack of filing.

Accordingly, the order of the trial court is affirmed.

***ORDER***

AND NOW, this 13th day of April, 2011, the order of the Court of Common Pleas of Armstrong County, dated March 22, 2011, is hereby affirmed.