| | | |
|---|---|---|
| In re: Nomination Petition of: Kendra Brooks as WFP Candidate for the Office of City Council - At Large | : : : : | **CONSOLIDATED CASES** |
| Appeal of: Christopher M. Vogler and Joseph J. Giedemann | : : : : : | No. 887 C.D. 2023 |
| In re: Nomination Petition of Nicolas O'Rourke as WFP Candidate for the Office of City Council - At Large | : : : : | |
| Appeal of: Christopher M. Vogler and Joseph J. Giedemann | : : | No. 888 C.D. 2023 Submitted: August 28, 2023 |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  September 21, 2023

Christopher M. Vogler and Joseph J. Giedemann (collectively, Objectors) appeal the August 11, 2023 orders (Trial Court Orders) of Court of Common Pleas of Philadelphia County (Trial Court) denying Objectors' Petition to Set Aside Nomination Paper of Kendra Brooks for City Council At-Large and Petition to Set Aside Nominating Paper of Nicolas O'Rourke for City Council At-

Large (collectively, the Petitions)[1] and allowing Kendra Brooks (Candidate Brooks) and Nicolas O'Rourke (Candidate O'Rourke) (collectively, Candidates) to remain on the ballot for the office of Philadelphia City Council, At-Large in the November 2023 general election.[2] For the following reasons, this Court affirms.

## I. Background

The facts underlying the instant consolidated appeal are straightforward and not in dispute. On July 31, 2023, the day before the August 1, 2023, filing deadlines, Candidate Brooks and Candidate O'Rourke each filed with the City of Philadelphia's (City) Department of Records (Department) nomination papers to be placed on the ballot for the office of Philadelphia City Council, At-Large, in the November 2023 election. Together with their nomination papers, the Candidates each electronically filed a completed Commonwealth of Pennsylvania Form SEC-1 statement of financial interests (the First SFIs) required by the Public Official and Employee Ethics Act[3] (Ethics Act).[4] The Candidates generated and submitted the

---

[1] The Petitions, filed by the same counsel on behalf of Objectors, are effectively identical to one another, with the only differences being the various Candidates' names appearing in the caption and the body of the corresponding petitions.

[2] In consideration of the joint stipulation of counsel for Objectors and counsel for Candidates that the matters should be consolidated, this Court consolidated these appeals by order dated August 22, 2023. *See* Stipulation for Consolidation of Appeals Pursuant to Pa.R.A.P. 513 filed August 21, 2023; Order dated August 22, 2023.

[3] 65 Pa.C.S. §§ 1101-1113.

[4] The Candidates also each electronically filed a completed City of Philadelphia Statement of Financial Interests form. Counsel for Objectors explained at the August 11, 2023, hearing on this matter that Objectors are not challenging the lack of "wet" signatures on the Candidates' City of Philadelphia's Statement of Financial Interest forms. *See* Notes of Testimony, August 11, 2023 (N.T. 8/11/2023) at 18-22. Counsel for Objectors acknowledged that, under its Home Rule Charter, the City of Philadelphia (City) is free to allow electronic signatures in relation to the City's Statement of Financial Interests form and has, in fact, done so through duly promulgated regulations. *See id.* at 18-19. Objector's position is that, on the other hand, the Ethics Act requires

2

First SFIs using a Department web portal (Department Portal) that allows for the electronic submission of the City and Commonwealth SFI forms to the Department and that also permits such submissions to be viewed and maintained on file. The First SFIs each bore the Candidate's name and required financial disclosures. However, in lieu of actual, "wet" signatures handwritten by the Candidates on the signature line, the blank for signatures on the First SFIs displayed the phrase "COMPLETED AND SIGNED ELECTRONICALLY" in red lettering generated by the Department Portal.[5]

The parties have made the following pertinent factual stipulations: (1) the First SFIs were generated using the Department Portal; (2) the Department Portal facilitates submission of the SFIs required by the Philadelphia City Code and also the Form SEC-1 required by the Ethics Act; (3) the Department is the designated "governing authority" to which the Candidates were required to submit their Form SEC-1; and (4) the First SFIs were generated and submitted to the Department before the applicable August 1, 2023, deadline.

On August 7, 2023, six days after the deadline for filing nomination papers and accompanying SFIs, the Candidates each filed a second Form SEC-1

---

the Commonwealth of Pennsylvania Form SEC-1 to have an original "wet" signature. *See id.* at 18-22. It is therefore only the Candidates' Commonwealth of Pennsylvania Form SEC-1s submitted by the Candidates electronically on July 31, 2023, that Objectors claims are fatally flawed requiring Candidates' removal from the November 2023 election ballot. *See id.* at 21-22.

[5] On both the City of Philadelphia Statement of Financial Interests form and the Commonwealth of Pennsylvania Form SEC-1, the signature line is preceded by an affirmation of prospective candidates that the "signature" affixed thereto is made subject to the penalty of law. Directly above the text of the affirmation, the City of Philadelphia Statement of Financial Interests form includes the following warning, in all capital letters: "THIS FORM MUST BE SIGNED *AND* DATED *IN ORDER TO BE ACCEPTED*." The Commonwealth of Pennsylvania Form SEC-1 includes the following warning, also in all capital letters, directly below the text of the affirmation and the signature line: "THIS FORM IS CONSIDERED DEFICIENT IF ANY BLOCK ABOVE IS NOT COMPLETED."

(Second SFIs) as an amendment to the First SFIs. The Second SFIs contained the same information as the First SFIs and differed only in that they contained the Candidates' original handwritten signatures in lieu of the Department Portal-generated "COMPLETED AND SIGNED ELECTRONICALLY" designations that appeared on the First SFIs.

On August 8, 2023, Objectors filed the Petitions in the Trial Court challenging the Candidates' nomination papers as fatally defective by virtue of Candidates' failure to have included original "wet" signatures on the First SFIs. On August 11, 2023, the Trial Court conducted a hearing on the Petitions.[6] At the conclusion of the hearing, the Trial Court entered an order on the record denying the Petitions and explaining that the Trial Court viewed the First SFIs as amendable.[7] *See* Notes of Testimony, August 11, 2023 (N.T. 8/11/2032) at 39-41. Objectors timely appealed.

## II. Issues

On appeal,[8] Objectors argue that the Candidates' names should be stricken from the ballot for the office of Philadelphia City Council, At-Large, in the November 2023 election because the First SFIs did not contain original "wet"

---

[6] The hearing consisted of the entrance of the parties' stipulations described *supra* and argument by counsel. *See generally* N.T. 8/11/2023.

[7] By way of Pennsylvania Rule of Appellate Procedure 1925(a) opinion, on August 17, 2023, the Trial Court filed a single paragraph opinion in each case explaining that the Trial Court adopted the reasons and rationale for denying the Petitions it placed on the record at the August 11, 2023, hearing.

[8] "In reviewing an order adjudicating challenges to a nomination petition, our standard of review permits reversal only where the findings of fact are unsupported by substantial evidence, where there was an abuse of discretion, or where an error of law was committed." *In re Beyer*, 115 A.3d 835, 838 (Pa. 2015).

signatures signed in the Candidates' own hand.[9] *See* Objectors' Br. at 5, 11-19. Objectors argue that the Candidates' failure to sign the First SFIs was a fatal, non-curable defect. *See id.* at 5, 19-27. Candidates counter that Objectors' argument that the lack of "wet" signatures on the First SFIs requires Candidates' removal from the ballot is factually and legally without merit. *See* Candidates' Br. at 6-11. Candidates further argue that, even if a "wet" signature is required, such a defect is amendable and was timely amended. *See id.* at 11-12.

### III. Discussion

Section 1104 of the Ethics Act requires candidates for county-level public offices in the Commonwealth to file an SFI on or before the last day for filing a petition or paper[10] to appear on the ballot for election. *See* 65 Pa.C.S. § 1104(b)(2).

---

[9] Objectors' "Statement of the Questio[]n Involved" states the issue raised on appeal in two parts:

> (1) Whether the Ethics Act, read in the context of the Supreme Court's decision in *In re Scroggin*, [237 A.3d 1006 (Pa. 2020),] requires [] Candidates to submit a statement of financial interest in their own hand.
>
> (2) Whether Candidates' failure to timely submit a statement of financial interest signed in their hand is [a] fatal defect that required the [T]rial [C]ourt to set aside their nomination papers.

Objectors' Br. at 5.

[10] Section 1104(b) of the Ethics Act, 65 Pa.C.S. § 1104(b), discusses a candidate's obligation to timely file SFIs in terms of nomination petitions, as opposed to nomination papers. We observe that

> [t]here is a difference between a nomination petition and a nomination paper. . . . [A "]nomination petition["] is filed by a person seeking to be a candidate in a political party's primary. A "nomination paper" is filed by a minor party candidate to get on the general election ballot.

Section 1105 of the Ethics Act provides that "[a]ll information requested on the [SFI] shall be provided to the best of the knowledge, information and belief of the person required to file and shall be signed under oath or equivalent affirmation."  65 Pa.C.S. § 1105(a).  Further, the Ethics Act states that the failure of a candidate to file an SFI in accordance with the provisions of the Ethics Act "shall . . . be a fatal defect to a petition to appear on the ballot."  65 Pa.C.S. § 1104(b)(3).  However, in 2007, our Supreme Court limited the fatality rule of Section 1104 of the Ethics Act to candidates who either file untimely SFIs or fail to file them altogether by expressly stating as follows:

> [T]he fatality rule announced in Section 1104 of the Ethics Act was intended by the Legislature to bar only those candidates from the ballot who fail to file statements of financial interests or who file them in an untimely manner. Section 1104 does not bar any candidate from the ballot if he or she files in a timely manner, even if there are defects on the face of the form, so long as that candidate subsequently amends the form to correct the defect and comes into compliance with the Act in a timely manner. In other words, all defects related to the content of disclosures on a timely filed statement of financial interest are subject to timely amendment.

*In re Nomination Papers of Mann*, 944 A.2d 119, 124 (Pa. Cmwlth.), *aff'd sub nom. In re Mann*, 944 A.2d 77 (Pa. 2008).  However, as this Court has explained, "the standards for challenging a nomination paper or petition are virtually the same, as are the procedures." *Mann*, 944 A.2d at 124; *see also* Section 977 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937 (Objections to nomination petitions and papers).  This Court has further noted that "Section 1104(b) of the Ethics Act specifically applies to persons who become candidates by filing nomination petitions or papers." *Reuther v. Delaware Cnty. Bureau of Elections*, 172 A.3d 738, 744 (Pa. Cmwlth. 2017), *aff'd*, 205 A.3d 302 (Pa. 2019).  Therefore, the fact that this matter concerns nomination papers and not nomination petitions has no impact on our analysis.

6

*In re Paulmier*, 937 A.2d 364, 371 (Pa. 2007), *as clarified* (Dec. 28, 2007). The Supreme Court noted, however, that because "Section 1105 of the Ethics Act requires that the statement of financial interests be provided to the best of the knowledge, information and belief of the person required to file[] . . . candidates must still file in good faith, even though they do have an opportunity to amend." *Paulmier*, 937 A.2d at 371 n.3.

Thereafter, in an analysis based on *Paulmier*, this Court ruled in *In re Wissinger* that the failure of a candidate to sign a filed SFI does not represent a fatal defect that renders the SFI a nullity. *See In re Wissinger*, 18 A.3d 445, 448 (Pa. Cmwlth. 2011); *see also Smith v. Brown*, 590 A.2d 816, 818 (Pa. Cmwlth. 1991) (affirming trial court denial of petition to set aside nomination petition based on a candidate's failure to sign financial disclosure statement, which defect the Court found to be amendable). The Court expressly found that a failure to sign a filed SFI represented a defect apparent on the face of the SFI and was therefore amendable. *See In re Wissinger*, 18 A.3d at 448. The Court further expressly "reject[ed] [o]bjectors' argument that the failure to sign renders the [SFI] legally ineffective and equates to a lack of filing." *Id.*

In terms of the First SFIs in the instant matter, the instant matter is strongly akin to *Wissinger*. Here, Candidates included the requisite personal and financial information on the First SFIs, but "signed" the First SFIs by using the Department Portal to place the statement "COMPLETED AND SIGNED ELECTRONICALLY" on the forms in lieu of original hand signed signatures. However, even assuming that Candidates' use of the Department Portal to place this phrase on the First SFIs in lieu of actual signatures had the legal effect of rendering the First SFIs unsigned, such defect was amendable. *See Wissinger*; *see also In re*

7

*Flynn* (Pa. Cmwlth., No. 89 M.D. 2021, filed April 19, 2021). Thus, the Candidates could have amended the First SFIs by timely filing the Second SFIs with the Department, and the Candidates did so on August 7, 2023.[11] Accordingly, the Trial Court did not err in denying the Petitions.

Additionally, Objectors' reliance on *In re Scroggin*, 237 A.3d 1006 (Pa. 2020), is misplaced. In *Scroggin*, our Supreme Court determined that the Pennsylvania Election Code's (Election Code)[12] requirement that a candidate attach an original, valid, sworn affidavit to their nomination petition was mandatory and that, consequently, the candidate's failure to do so constituted a fatal defect, rendering her candidacy a nullity. *See* 237 A.3d at 1017-23. In reviewing the pertinent sections of the Election Code, the Supreme Court recognized the longstanding anti-fraud goals of the Election Code's affidavit requirements and determined that "[j]ust as the signatures of qualified electors must be submitted in original, or 'wet,' form so as to verify their authenticity, so, too, must candidates submit genuine, sworn-and-signed affidavits to satisfy their filing obligations." *Id.* at 1019-20. However, *Scroggin* did not overrule, expressly or otherwise, either *Paulmier*, which established that all defects related to the content of disclosures on a timely filed SFI pursuant to the requirements of the Ethics Act are subject to timely amendment, or *Wissinger*, which extended the rule in *Paulmier* to even unsigned SFIs. Therefore, as discussed *supra*, even if the First SFIs are considered to have been filed without any signatures whatsoever as a result of the insertion of the text

---

[11] We observe that Candidates' amendment of the First SFIs by filing the Second SFIs on August 7, 2023, predated Objectors' filing of the Petitions on August 8, 2023.

[12] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

"COMPLETED AND SIGNED ELECTRONICALLY" in place of the Candidates' signatures thereon, the First SFIs were still amendable. *See Paulmier*; *Wissinger*; *see also In re Flynn* (Pa. Cmwlth., No. 89 M.D. 2021, filed April 19, 2021). Further, *Scroggin* dealt specifically with the Election Code, not the Ethics Act, which does not serve the same anti-fraud purposes as the Election Code. Instead, the Ethics Act seeks to ensure that the electorate has information about the individual candidates on the ballot in an election to prevent them from benefitting financially from the office at the expense of the public. *See* 65 Pa.C.S. § 1101.1(a); *see also Commonwealth v. Norris*, 27 A.3d 1025, 1032 (Pa. Super. 2011) ("The distinct purpose of the Ethics Act was to regulate public office holders and those seeking public office, and prohibit them from using that office to benefit financially at the expense of the public."). Therefore, while considered in *pari materia*,[13] because the Election Code and Ethics Act serve these fundamentally different purposes, the requirement that nomination papers filed under the Election Code must contain original signatures is not inconsistent with the permissible amendment of errors on the face of SFIs filed under the Ethics Act. For these reasons, the facts and reasoning of *Scroggin* are distinguishable from the instant matter.

## IV. Conclusion

For the above reasons, the Trial Court orders are affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] *See Paulmier*, 937 A.2d at 371.

In re: Nomination Petition of: Kendra
Brooks as WFP Candidate for the
Office of City Council - At Large

:
:
:
:

**CONSOLIDATED CASES**

Appeal of: Christopher M. Vogler
and Joseph J. Giedemann

:
:

No. 887 C.D. 2023

:
:
:

In re: Nomination Petition of Nicolas
O'Rourke as WFP Candidate for the
Office of City Council - At Large

:
:
:
:

Appeal of: Christopher M. Vogler
and Joseph J. Giedemann

:
:

No. 888 C.D. 2023

:

# O R D E R

AND NOW, this 21st day of September, 2023, the August 11, 2023 orders of Court of Common Pleas of Philadelphia County are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge