**[J-90-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| CHRISTINE A. REUTHER AND ANI MARIE DIAKATOS, | : | No. 6 MAP 2018 |
| | : | |
| | : | Appeal from the Order of the |
| Appellants | : | Commonwealth Court dated October |
| | : | 26, 2017 at No. 1365 CD 2017 |
| | : | Affirming the Order of the Delaware |
| v. | : | County Court of Common Pleas, Civil |
| | : | Division, entered September 19, 2017, |
| | : | at No. 7902-2017. |
| DELAWARE COUNTY BUREAU OF | : | |
| ELECTIONS AND CHRISTINE ROSSI, | : | SUBMITTED:  November 28, 2018 |
| | : | |
| Appellees | : | |


## OPINION


**JUSTICE WECHT**                                                  **DECIDED: March 26, 2019**

This appeal requires us to determine whether a candidate who obtains access to the ballot by write-in vote must have her name stricken from that ballot if she fails to file a Statement of Financial Interests ("SOFI") with the appropriate authorities in the requisite time frame.  Because the Public Official and Employee Ethics Act ("Ethics Act")[1] imposes this consequence only upon candidates who petition to appear on the ballot, we hold that it is inapplicable to write-in candidates.  Therefore, we affirm the order of the Commonwealth Court.

---

[1]      65 Pa.C.S. §§ 1101-13.

## I. Background

On May 16, 2017, by write-in vote, Christine Rossi won the Republican nomination for Tax Collector of Nether Providence Township ("the Township"). On June 2, 2017, the Delaware County Bureau of Elections ("the Bureau") notified Rossi that she was certified as the Republican nominee. The Bureau instructed Rossi to submit a SOFI to the Bureau and to the Township by June 30, 2017, in order to have her name appear on the November 2017 general election ballot. On June 30, 2017, Rossi filed her SOFI with the Bureau, but failed to file it with the Township.

On September 6, 2017, based upon a Right-to-Know Law[2] request submitted to the Township, Christine A. Reuther and Ani Marie Diakatos (collectively, "Objectors") discovered that Rossi had not filed her SOFI with the Township. On September 13, 2017, Objectors filed an emergency petition for relief with the Delaware County Court of Common Pleas. Objectors stressed that Subsection 15.3(e) of the State Ethics Commission's regulations requires write-in candidates to file their SOFIs with the appropriate authorities within thirty days of the certification of the election results.[3] Because Rossi failed to file her SOFI with the Township within that period of time, Objectors asserted that, pursuant to Subsection 1104(b)(3) of the Ethics Act, her failure constituted a fatal defect to her candidacy, and her name was required to be stricken from the general election ballot.[4] On September 14, 2017, Rossi filed her SOFI with the Township.

---

[2]     65 P.S. §§ 67.101-67.3104.

[3]     *See* 51 Pa. Code § 15.3(e).

[4]     65 Pa.C.S. § 1104(b)(3) states: "Failure to file [a SOFI] in accordance with the provisions of this chapter shall, in addition to any other penalties provided, be a fatal defect to a petition to appear on the ballot."

On September 18, 2017, the trial court conducted a hearing on Objectors' emergency petition. On September 19, 2017, the trial court denied the petition. In its Pa.R.A.P. 1925(a) opinion, the trial court acknowledged that, under Subsection 1104(b)(3), the failure to file a SOFI within the specified time frame is a fatal defect to a candidate's petition to appear on the ballot. However, because write-in candidates do not petition to appear on the ballot, the trial court concluded that this subsection did not apply to Rossi. Quoting *In re Guzzardi*, 99 A.3d 381 (Pa. 2014), the trial court noted that it must "act with restraint, in the election arena, subordinate to express statutory directives." *Id.* at 386. Absent any statutory provision requiring it to treat a write-in candidate's failure to file a SOFI as a fatal defect to his or her candidacy, the trial court held that it could not order Rossi's name stricken from the ballot.

Objectors appealed to the Commonwealth Court. On October 26, 2017, a divided panel of that court affirmed. *See Reuther v. Delaware Cty. Bureau of Elections*, 172 A.3d 738 (Pa. Cmwlth. 2017). The Commonwealth Court first rejected Rossi's argument that Objectors' petition was untimely. The court explained that, although objections to nomination petitions and papers must be filed within seven days after the last day for filing such petitions or papers, there is no similar deadline for filing objections to write-in candidates. *Id.* at 741. The Commonwealth Court determined that it was prohibited from imposing a deadline where the General Assembly had failed to do so. *Id.* at 743.

Turning to the substance of Objectors' challenge, the Commonwealth Court pointed out that Subsection 1104(d) of the Ethics Act requires all candidates, including write-in candidates, to file SOFIs before they may *hold* public office. *Id.* The Commonwealth Court noted that candidates for county-level or local office who *petition* to appear on the ballot must file their SOFIs with the governing authority of the political subdivision in which they are candidates on or before the last day for filing a petition to

appear on the ballot. *Id.* at 743-44 (citing 65 Pa.C.S. § 1104(b)(2)). Such candidates also must attach copies of their SOFIs to their petitions to appear on the ballot. *Id.* The Commonwealth Court found that, if a candidate is subject to this requirement and fails to comply, his or her name must be stricken from the ballot in the event of a timely challenge. *Id.* at 744 (citing 65 Pa.C.S. § 1104(b)(3)). However, the court found no similar Ethics Act provision for *write-in* candidates. *Id.* at 744. Notwithstanding the absence of a statutory command, the Ethics Commission's regulations require write-in candidates to file their SOFIs with the Ethics Commission and the governing authority of the political subdivision where they have been nominated or elected within thirty days of the certification of the election results. *Id.* at 744-45 (citing 51 Pa. Code § 15.3(e)). Other regulations specify the consequences of a write-in candidate's failure to do so. Critically, none of these regulations contain "fatal defect" language similar to Subsection 1104(b)(3) of the Ethics Act. *Id.* at 745-46 (citing 51 Pa. Code §§ 19.3, 21.1-21.30).[5]

Because no provision of the Ethics Act or the Ethics Commission's regulations renders a write-in candidate's failure to file a SOFI a defect fatal to his or her name's appearance on the general election ballot, the Commonwealth Court concluded that it could not impose this consequence upon Rossi. The Commonwealth Court reasoned that it could not add a provision to a statute that the General Assembly had failed to include. *Id.* at 747 (citing *Hanaway v. Parkersburg Group, LP*, 168 A.3d 146, 154 (Pa. 2017)). Accordingly, the court held that Rossi's name should not be stricken from the ballot, and it affirmed the trial court's order denying Objectors' petition.

---

[5] Consequences for a non-compliant write-in candidate include the prospect that individuals may file complaints challenging her candidacy and that the Ethics Commission may conduct its own investigation into any deficiency. *See* 51 Pa. Code §§ 21.1-21.3. The regulations also allow the Ethics Commission to impose monetary penalties and to order candidates to take action to comply with the Ethics Act. *See id.* §§ 19.3, 21.30.

In an opinion concurring in part and dissenting in part, Judge Covey agreed that Objectors timely filed their petition. However, Judge Covey disagreed with the majority's determination that a write-in candidate's failure to file a SOFI in compliance with Subsection 15.3(e) of the Ethics Commission's regulations was not a defect fatal to her candidacy. Judge Covey reasoned that the legislature evidenced its intent to require all candidates to file SOFIs before becoming nominees or candidates by defining a candidate as someone who has "taken the action necessary under the laws of this Commonwealth to qualify [her]self for nomination or election." *Id.* at 748 (Covey, J., concurring and dissenting) (quoting 65 Pa.C.S. § 1102). Because the Ethics Act expressly included write-in candidates in its definition of "candidate," Judge Covey concluded that such candidates must take the actions that the law requires, such as filing SOFIs, in order to qualify for nomination or election. *Id.* at 748-49. Judge Covey posited that the failure to file a SOFI necessarily resulted in the individual's failure to qualify as a candidate whose name could appear on the general election ballot. According to Judge Covey, by concluding otherwise, the majority held write-in candidates to a more lenient standard than candidates who petitioned to appear on the ballot. *Id.* at 749. In Judge Covey's view, the majority's holding allowed write-in candidates to disregard the SOFI filing requirements and to ignore the Ethics Act, which was designed to promote financial disclosure by requiring all candidates to file SOFIs. *Id.* at 753-54.

Objectors filed a timely petition for allowance of appeal. On February 8, 2018, this Court granted review of Objectors' petition in order to consider the following issue:

> Does the failure of a write-in candidate or other candidate who obtains access to the ballot other than through the filing of a nomination petition to timely file a [SOFI], as required by 51 Pa. Code § 15.3(e), constitute a "fatal defect," precluding the appearance of the candidate's name on the ballot?

*Reuther v. Delaware Cty. Bureau of Elections*, 180 A.3d 366 (Pa. 2018) (*per curiam*).[6]

## II.    Analysis

Because the issue before us concerns the interpretation of the Ethics Act, it poses a question of law.  *See In re Carroll*, 896 A.2d 566, 573 (Pa. 2006).  Therefore, our scope of review is plenary, and our standard of review is *de novo*.  *Id.*  When we interpret a statute, we must strive "to ascertain and effectuate the intention of the General Assembly."  1 Pa.C.S. § 1921(a).  As this Court has noted time and again, the plain language of a statute is the best indicator of its intent.  *See, e.g., Commonwealth v. Gilmour Mfg. Co.*, 822 A.2d 676, 679 (Pa. 2003).  When the plain language is ambiguous, we may utilize various tools of statutory construction in order to discern the legislature's will.  *See* 1 Pa.C.S. § 1921(c).

The parties to this appeal agree that write-in candidates must file SOFIs, but they disagree as to the consequences that attend a write-in candidate's non-compliance. Objectors argue that filing a SOFI in compliance with Subsection 15.3(e) of the Ethics Commission's regulations is a threshold qualification for a write-in candidate's name to appear on the ballot.  Accordingly, if a write-in candidate fails to comply, his or her name must be stricken from the ballot.  Objectors opine that this consequence is necessary to ensure that write-in candidates fulfill their obligations under the Ethics Act.

---

[6]    Although the general election is over, and Rossi lost, this Court declines to find the issue moot inasmuch as it is capable of repetition and likely to evade review in future cases.  This Court has recognized that issues "capable of repetition yet evading review" fall within a limited exception to the doctrine of mootness.  *See, e.g., Nutter v. Dougherty*, 938 A.2d 401, 405 n.8 (Pa. 2007).  Given the abbreviated time frame applicable to elections and the amount of time that it takes for litigation to reach this Court, this exception is particularly applicable when the question presented relates to an election dispute.  *See id.*

Rossi responds that the "fatal defect" language contained in Subsection 1104(b)(3) of the Ethics Act applies only to those who petition to appear on the ballot. Because write-in candidates do not petition to appear on the ballot, Rossi reasons, this subsection cannot apply to her. Rossi asserts that the courts cannot require her name to be stricken from the ballot when the General Assembly declined to impose that consequence on write-in candidates.

As all parties recognize, the statutory process through which individuals obtain access to the ballot varies depending upon whether they petition to appear on a political party's primary ballot ("party candidate") or are elected to be a party's nominee by write-in vote. The Pennsylvania Election Code[7] requires a primary candidate to file a nomination petition prior to the primary election in order to have his or her name appear on the primary election ballot. *See* 25 P.S. § 2867. If a party candidate receives a plurality of votes in the primary election, his or her name will then appear on the general election ballot. *See id.* § 2882. By contrast, write-in candidates do not file nomination petitions, and their names are not printed on the primary election ballot. Instead, a write-in candidate secures nomination if a plurality of voters write that candidate's name onto the primary election ballot. *See id.* §§ 3056(e), 3031.12(a)(3), (b)(3). When this occurs, the write-in candidate's name may appear on the general election ballot.

Subsection 1104(d) of the Ethics Act requires all public officials to file SOFIs before they take office or receive compensation.[8] However, the process for filing a SOFI differs

---

[7]     25 P.S. §§ 2601-3591.

[8]     Specifically, Subsection 1104(d) states: "No public official shall be allowed to take the oath of office or enter or continue upon his duties, nor shall he receive compensation

depending upon how the candidate obtained access to the primary ballot. Subsection 1104(b)(2) of the Ethics Act requires a candidate for county-level or local office to file a SOFI "with the governing authority of the political subdivision in which he is a candidate on or before the last day for filing a petition to appear on the ballot for election." 65 Pa.C.S. § 1104(b)(2). If a SOFI is not attached to a candidate's petition to appear on the ballot, election officials will not accept the petition. *Id.* § 1104(b)(3). Further, failure to comply with these requirements is "a fatal defect to a petition to appear on the ballot." *Id.*

The Ethics Act defines a "candidate" as follows:

Any individual who seeks nomination or election to public office by vote of the electorate, other than a judge of elections, inspector of elections or official of a political party, whether or not such individual is nominated or elected. An individual shall be deemed to be seeking nomination or election to such office if he has:

(1) received a contribution or made an expenditure or given his consent for any other person or committee to receive a contribution or make an expenditure for the purpose of influencing his nomination or election to such office, whether or not the individual has announced the specific office for which he will seek nomination or election at the time the contribution is received or the expenditure is made; or

(2) taken the action necessary under the laws of this Commonwealth to qualify himself for nomination or election to such office.

The term shall include individuals nominated or elected as write-in candidates unless they resign such nomination or elected office within 30 days of having been nominated or elected.

65 Pa.C.S. § 1102.

Despite the Ethics Act's inclusion of write-in candidates in its definition of "candidate," the requirements of Subsection 1104(b) cannot apply to them. This is

---

from public funds, unless he has filed a [SOFI] as required by this chapter." 65 Pa.C.S. § 1104(d).

because write-in candidates do not file nomination petitions. Instead, a write-in candidate discovers her nomination only upon certification of the primary election results. Accordingly, Subsection 15.3(e) of the Ethics Commission's regulations requires write-in candidates to file their SOFIs with the Ethics Commission and the governing authority of the political subdivision where they have been nominated within thirty days of the certification of the election results. 51 Pa. Code § 15.3(e). If a write-in candidate fails to do so, individuals may file complaints challenging her candidacy, the Ethics Commission may investigate any deficiency, and the Ethics Commission may impose civil penalties or require the candidate to take remedial action. *Id.* §§ 19.3, 21.1-21.30.

Unlike candidates who petition to appear on the primary ballot, write-in candidates are not subject to any statute or regulation that renders the failure to file a SOFI a fatal defect to their candidacies. Rather, the unambiguous language of Subsection 1104(b)(3) states that the "[f]ailure to file [a SOFI] in accordance with the provisions of this chapter shall, in addition to any other penalties provided, be a fatal defect to a *petition to appear on the ballot*." 65 Pa.C.S. § 1104(b)(3) (emphasis added). Indeed, Subsection 1104(b) relates, in its entirety, to petitions to appear on the ballot. Subsections 1104(b)(1) and (2) state that candidates must file their SOFIs "on or before the last day for filing a petition to appear on the ballot" and note that copies of candidates' SOFIs must be attached to their petitions to appear on the ballot. *Id.* §§ 1104(b)(1)-(2). Subsection 1104(b)(3) prohibits election officials from accepting a petition to appear on the ballot if a SOFI is not attached. *Id.* § 1104(b)(3). But write-in candidates file no petition. By its plain language, Subsection 1104(b)(3) applies only to those who petition to appear on the ballot, not to write-in candidates.

*In re Guzzardi* provides additional support for our conclusion that courts cannot impose the fatal defect consequence upon write-in candidates. In *In re Guzzardi*, a candidate petitioned to appear on the ballot, but failed to file a SOFI with the Ethics Commission within the requisite time frame. *In re Guzzardi*, 99 A.3d at 382. When challengers filed a petition to strike the candidate's name from the ballot, the Commonwealth Court denied the petition because the candidate offered sufficient, non-negligent explanations to justify his late submission, and because the court found that the judiciary was empowered to allow this defect to be cured based upon equitable principles. *Id.* at 383. On appeal, this Court reversed, holding that courts may not employ equitable principles to override express statutory consequences for particular acts or omissions. *Id.* at 386. We also noted that "the judiciary should act with restraint, in the election arena, subordinate to express statutory directives." *Id.*

If courts cannot resort to equity to mitigate a legislatively-prescribed removal from the ballot, they certainly should not resort to equity to force removal from the ballot when the legislature has not prescribed such a consequence. This Court must honor the unambiguous statutory directive, which applies the fatal defect rule only to those who petition to appear on the ballot, not to write-in candidates. Exclusion of a candidate chosen by a party's electors is an extreme judicial intervention in the democratic process that should be imposed only when required by unambiguous legislative mandate. Because elections "constitute the very warp and woof of democracy," election laws must be liberally construed to protect a candidate's right to run for office and the voters' right to elect a candidate of their choice. *In re James*, 105 A.2d 64, 65-66 (Pa. 1954); *see also In re Paulmier*, 937 A.2d 364, 371 (Pa. 2007); *In re Cioppa*, 626 A.2d 146, 148-49 (Pa.

1993). The power to strike a candidate's name from the ballot must be wielded with humility and restraint, and only in circumstances compelled by the Constitution or statutes.

As a write-in candidate, Rossi did not seek access to the ballot by filing a nomination petition. Therefore, the fatal defect consequence contained in Subsection 1104(b)(3) of the Ethics Act cannot apply to Rossi, and her name was not required to be stricken from the general election ballot.

We affirm the order of the Commonwealth Court.

Chief Justice Saylor and Justices Baer, Todd, Donohue, Dougherty and Mundy join the opinion.